IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JOSEPH L. HOWARD, et al., | : | |
| Plaintiffs, | : | Case No. 3:15cv00371 |
| vs. | : | District Judge Walter H. Rice<br>Magistrate Judge Sharon L. Ovington |
| CITY OF BEAVERCREEK,<br>et al., | : | |
| | : | |
| Defendants. | : | |

### REPORT AND RECOMMENDATIONS[1]

### I. Introduction

Plaintiffs Joseph L. Howard, Janna L. Howard, and Joseph H. Howard, all residents of Beavercreek, Ohio, bring this case *pro se* asserting subject matter jurisdiction under 28 U.S.C. §1343(3). The Court previously granted Plaintiffs' Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915. The case is presently before the Court for a *sua sponte* review to determine whether their Complaint, or any portion of it, must be dismissed because it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against an

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

immune defendant. *See* 28 U.S.C. § 1915(e)(2); *see, e.g.*, *Anson v. Corr. Corp. of Am.*, 529 Fed. App'x 558, 559-60 (6th Cir. 2013).

## II. Background

Plaintiffs' Complaint alleges, verbatim:[2]

> 1. Harassment by police, 2. no police representation, 3. cameras pointed into our bedroom window and son's bedroom window. 4. favoritism by the police, 5. No protection by police or prosecutor, 6. confidential information released to the public, 7. accusations of possible violations, 8. false arrest, 9. false prosecution, 10. negligence, 11. would not protect my family.
> Betsy Deeds, Prosecutor of Fairborn/Beavercreek
> The City of Beavercreek
> Michael Cornell, Beavercreek City Manager
> Bruce May, Commander of the Greene County ACE Task Force
> Dennis Evers, Beavercreek Police Chief
> From 2011-2013, we had problems with the above names, place, or individuals. This covered many dates that we have the evidence of in the form of CD's, DVD's, police reports, and documents from other sources. All of this happened in the city of Beavercreek.

(Doc. #3, PageID 26) As for requested relief, the Complaint is blank. *Id.* at 27.

## III. Applicable Standards

A Complaint may be dismissed as frivolous under § 1915(e)(2) "only if the plaintiff fails to present a claim with 'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F. 3d 921, 923 (6th Cir. 2008) (quoting, in part, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A Complaint lacks an arguable legal basis

---

[2] Each of the quotes that follow are verbatim and without attempted correction.

when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke*, 490 U.S. at 327-328; *see also Brand*, 526 F.3d at 923. A Complaint lacks arguable facts when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke*, 490 U.S. at 327-28); *see Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1900).

The Court's *sua sponte* review also requires dismissal of an *in forma pauperis* complaint, or any portion of it, that fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state such a claim, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in part, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### IV. <u>Analysis</u>

Construing Plaintiffs' Complaint liberally in their favor, they appear to describe encounters with police, prosecutors, and others that led to the incidents described, as such, Plaintiffs' *pro se* Complaint does not allege fantastic or

delusional facts. *See Jones v. Schmaker*, 1999 WL 1252870 at *1 (6th Cir. 1999)("Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners any access to legal texts. (citing *Lawler*, 898 F.2d at 1198-99)); *cf, Iqbal*, 556 U.S. 662, 696 (Souter, J., dissenting) (courts need not accept as true "allegations that are sufficiently fantastic to deny reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel.")

Plaintiffs' Complaint, however, does not go into sufficiently specific factual allegations to state a plausible claim upon which relief could be granted. Accepting their allegations as true and, again, construing their pro se Complaint liberally in their favor, at best they attempt to describe a violation of their rights under the United States Constitution and state law. Yet, it is unclear from the face of the Complaint what specifically occurred during the multiple incidents. The Complaint, in its brevity, contains allegations with no real substantive detail. As a result, their claims lack facial plausibility because they fail to plead factual content sufficient to create a reasonable inference that the named defendants violated their constitutional rights. *See Iqbal*, 556 U.S. at 678. Naked assertions "without some further factual enhancement stop short of the line between possibility and plausibility of entitlement to relief." *See Gjokaj v. HSBC Mortg. Services, Inc.*,

602 Fed. App'x 275, 277 (6th Cir. 2015) (quoting, in part, *Twombly,* 550 U.S. at 557 (internal punctuation omitted).

In addition, Plaintiffs' Complaint fails to ask for any relief to be granted. Under the Fed. R. Civ. P. 8(a)(3), a pleading that states a claim for relief must contain a demand for the relief sought.

Accordingly, Plaintiffs' Complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiffs Joseph L. Howard, Janna L. Howard, and Joseph H. Howard's Complaint be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2);

2. The Court certify under 28 U.S.C. § 1915(a)(3) that Plaintiffs' appeal, if any, would not be taken in good faith; and

3. The case be terminated on the docket of this Court.

October 29, 2015

                                                  s/ Sharon L. Ovington
                                                    Sharon L. Ovington
                                        Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).