IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JOSEPH L. HOWARD, et al., | : | |
| Plaintiffs, | : | Case No. 3:15cv00371 |
| vs. | : | District Judge Walter Herbert Rice |
| CITY OF BEAVERCREEK, et al., | : | Chief Magistrate Judge Sharon L. Ovington |
| Defendants. | : | |

## ORDER

Plaintiffs Joseph L. Howard, Janna L. Howard, and Joseph H. Howard bring this case *pro se* challenging, in part, Joseph L. Howard's prosecution, which resulted in his acquittal, in Beavercreek or Fairborn, Ohio. The Complaint and Amended Complaint assert claims against the City of Beavercreek; Betsy Deeds, identified in the Amended Complaint as "the city prosecutor for Beavercreek/Fairborn, Ohio"; Dennis Evers, "the Chief of Beavercreek Police"; Bruce May, "Director of ACE Task force in Greene County"; and Michael Cornell, "City Manager of Beavercreek." (Doc. #3, *PageID* #25; Doc. #7, *PageID* # 51-52).

The Court previously granted Plaintiffs' Application to Proceed *in forma pauperis* under 28 U.S.C. §1915. The case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, or is otherwise subject to dismissal at this early stage of the case. *See* 28 U.S.C. §1915(e)(2). If the Complaint raises a claim with an arguable or rational basis

in fact or law, it is neither frivolous nor malicious, and it may not be dismissed *sua sponte*. *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A Complaint has no arguable factual basis when its allegations are "fantastic or delusional."  *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)); *see Lawler,* 898 F.2d at 1199.  A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist.  *See Neitzke,* 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.  The main issue thus presented by a *sua sponte* review at this early stage of the case is "whether [the] complaint makes an arguable legal claim and is based on rational facts."  *Brand*, 526 F.3d at 923-24 (citing *Lawler*, 898 F.2d at 1198).

Accepting Plaintiff's factual allegations as true and construing their *pro se* Complaint and Amended Complaint liberally in their favor reveals that Plaintiffs raise sufficient allegations to avoid *sua sponte* dismissal.  Their pleadings do not raise delusional or irrational factual allegations, and their allegations are sufficiently specific to raise at least an arguable legal claim.  *See, e.g., Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010); *Holzemer v. City of Memphis*, 610 F.3d 512, 520 (6th Cir. 2010).

Accordingly, Plaintiffs' Complaint is not subject to dismissal under 28 U.S.C. §1915(e)(2).

**IT IS THEREFORE ORDERED THAT:**

1. Given Plaintiffs' in forma pauperis status, they are entitled to have service of process made by the United States Marshal (USM).  It appears that Plaintiffs have availed themselves of such service by preparing and submitting to the Clerk of Court the summons form and the USM Form 285 for each Defendant.  Upon receipt of this material from the Clerk of Court, the United States Marshal is ORDERED to make service of process in this case under Fed. R. Civ. P. 4(c)(3).  All costs of service shall be advanced by the United States.

2. Plaintiffs must serve each name Defendant – or their attorney in the event the attorney's appearance is entered in the record – with a copy of every document submitted for consideration by the Court.  Plaintiffs shall include with the original paper to be filed with the Clerk of Court a certificate stating the date and a true and correct copy of any document mailed to defendant or its attorney.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk of Court or that fails to include a certificate of service will be disregarded by the Court.

3. Plaintiffs must inform the Clerk of Court promptly of any changes of address they have during the pendency of this lawsuit.  Failure to do so may result in dismissal of this case for failure to prosecute.

December 3, 2015

               s/Sharon L. Ovington
               Sharon L. Ovington
            Chief United States Magistrate Judge